#4400

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARBARA JULIAN, | : | |
| Plaintiff | : | CIVIL ACTION LAW |
| | : | |
| v. | : | |
| | : | CASE No.:   15 - 0894 |
| ALLSTATE INSURANCE COMPANY, | : | |
| Defendant | : | Jury Trial Demanded |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Allstate Insurance Company, by and through its attorney, Laura E. Kerns,

Esquire, hereby files this Notice of Removal of the above-captioned matter from the Court of

Common Pleas of Philadelphia County, the jurisdiction which is now pending, to the United

States District Court for the Eastern District of Pennsylvania and in support thereof avers as

follows:

1.      This action was commenced by way of Civil Action Complaint filed in the Court

of Common Pleas of Philadelphia County, Pennsylvania and given a court term and number of

January Term, 2015,  Case#2512.  The Complaint was served upon counsel for Defendant,

Allstate Insurance Company ("Defendant") on February 11, 2015.

2.      The Complaint consists of two counts: Breach of Contract and Bad Faith pursuant

to 42 Pa.C.S.A § 8371.

3.      At the time this action was commenced and continuing to the present, Defendant

is a corporation incorporated under the laws of the State of Illinois, with its principal place of

business in the State of Illinois.

4.      At the time this action was commenced and continuing to the present, the Plaintiff

is a citizen of the Commonwealth of Pennsylvania, with a residence at 570 Pebble Hill Road,

Doylestown, Pennsylvania 18901.

5.      The amount in controversy, based on the allegations in Complaint, could exceed the sum of Seventy-Five Thousand Dollars ($75,000.00) due to Plaintiffs' estimate of damages totaling over $70,000.00 and the potential damages that may be awarded under 42 Pa.C.S.A. § 8371.

6.      The present lawsuit is removable from State Court to the District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C.A. §1332(a)(2) and 28 U.S.C. §1441(a).

7.      Copies of all process, pleadings and orders that have been received by Defendant are filed herewith and attached collectively hereto as Exhibit "A."

8.      This Notice is timely, being filed within thirty (30) days of service of the Complaint.

WHEREFORE, Defendant, Allstate Insurance Company, respectfully requests the above captioned matter now pending against it in the Court of Common Pleas of Philadelphia County, be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

THE LAW OFFICES OF LAURA E. KERNS, LLC

BY:    _/s/ Laura E. Kerns, Esquire_
            Laura E. Kerns, Esquire
            Attorney for Defendant,
            Allstate Insurance Company
            PMB 330
            230 N. Maple Avenue, Suite B1
            Marlton, New Jersey 08053
            Phone: (856) 810-8600
Dated: Dated: February 23, 2015       Fax: (856) 810-8601
            Attorney I.D. #87021
            Email: laura@lkernslaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA JULIAN, | : | |
| Plaintiff | : | CIVIL ACTION LAW |
| | : | |
| v. | : | |
| | : | CASE No.: |
| ALLSTATE INSURANCE COMPANY, | : | |
| Defendant | : | Jury Trial Demanded |

## **AFFIDAVIT**

I, Laura E. Kerns, Esquire, being sworn according to law deposes and says that she is the

counsel for Defendant, Allstate Insurance Company, in the within matter; and that she has read

the foregoing Notice of Removal and believes it to be true and correct, to the best of her

knowledge, information and belief.

Respectfully Submitted,

THE LAW OFFICES OF LAURA E. KERNS, LLC

BY:   /s/ *Laura E. Kerns, Esquire*
            Laura E. Kerns, Esquire
            Attorney for Defendant,
            Allstate Insurance Company
            PMB 330
            230 N. Maple Avenue, Suite B1
            Marlton, New Jersey 08053
            Phone: (856) 810-8600
Dated: February 23, 2015         Fax: (856) 810-8601
            Attorney I.D. #87021
            Email: laura@lkernslaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARBARA JULIAN, | : | |
| Plaintiff | : | CIVIL ACTION LAW |
| | : | |
| v. | : | |
| | : | CASE No.: |
| ALLSTATE INSURANCE COMPANY, | : | |
| Defendant | : | Jury Trial Demanded |

## NOTICE OF REMOVAL

TO:     Joseph A. Zenstein, Esquire
        Claims Worldwide, LLC
        435 N. Main Street
        Doylestown, PA  18901

PLEASE TAKE NOTICE that Defendant, Allstate Insurance Company, on the 23rd day

of February, 2015, herby filed in this Court a verified Notice of Removal of the State Court

Action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania,

January Term, 2015, Case#02512.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will

be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County,

Pennsylvania.

PLEASE BE ADVISED that in accordance with 28 U.S.C. Section 1446(f), the State

Action is now removed to this Court. The State Court has no further jurisdiction over this action

and you should proceed no further in that Court or under its authority.

THE LAW OFFICES OF LAURA E. KERNS, LLC

BY:   /s/ *Laura E. Kerns, Esquire*
        Laura E. Kerns, Esquire
        Attorney for Defendant,
        Allstate Insurance Company
        PMB 330
        230 N. Maple Avenue, Suite B1
        Marlton, New Jersey 08053

Dated: <u>February 23, 2015</u>

Phone: (856) 810-8600
Fax: (856) 810-8601
Attorney I.D. #87021
Email: <u>laura@lkernslaw.com</u>

| | | |
|---|---|---|
| BARBARA JULIAN, | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | OF PHILADELPHIA COUNTY |
| | : | |
| v. | : | CIVIL LAW DIVISION |
| | : | |
| ALLSTATE INSURANCE COMPANY, | : | **JANUARY TERM, 2015** |
| Defendant | : | **CASE NO: 02512** |

## **PRAECIPE TO FILE PETITION FOR REMOVAL**

TO:   THE PROTHONOTARY OF THE COURT OF
       COMMON PLEAS OF PHILADELPHIA COUNTY:

Pursuant to 28 U.S.C. §1446(e), Defendant, Allstate Insurance Company, files herewith a

copy of the Notice of Removal, which was filed in the United States District Court for the

Eastern District of Pennsylvania on February 23, 2015.

THE LAW OFFICES OF LAURA E. KERNS, LLC

BY:   /s/ *Laura E. Kerns, Esquire*   *Laura E. Kerns*
       Laura E. Kerns, Esquire
       Attorney for Defendant,
       Allstate Insurance Company
       PMB 330
       230 N. Maple Avenue, Suite B1
       Marlton, New Jersey 08053
       Phone: (856) 810-8600
Dated: February 23, 2015          Fax: (856) 810-8601
       Attorney I.D. #87021
       Email: laura@lkernslaw.com

# EXHIBIT "A"

**CLAIMS WORLDWIDE, LLC**
By:  JOSEPH A. ZENSTEIN, ESQUIRE
Identification No.:  62349
One Penn Center, Suite 1270
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
jzenstein@claimsworldwide.com
(215) 230-0800

MAJOR CASE
NON-JURY



Attorney for Plaintiff

| | | |
|---|---|---|
| BARBARA JULIAN<br>570 Pebble Hill Road<br>Doylestown, PA 18901 | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| | : | |
| | : | JANUARY TERM, 2015 |
| v. | : | |
| | : | NO.   2512 |
| ALLSTATE INSURANCE COMPANY<br>2775 Sanders Road<br>Northbrook, IL 60062 | : | |
| | : | |
| | : | |

## CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against
Plaintiffs' claims set forth in the following pages, you must take
action within twenty (20) days after this complaint and notice
are served, by entering a written appearance personally or by
attorney and filing in writing with the court your defenses or
objections to Plaintiffs' claims set forth against you. You are
warned that if you fail to do so the case may proceed without you and
judgment may be entered against you by the court without
further notice for any money claimed in the complaint or for
any other claim or relief requested by the plaintiff. You may
lose money or property or other rights important to you.
You should take this paper to your lawyer at once. If you
do not have a lawyer or cannot afford one, go to or telephone
the office set forth below to find out where you can get legal help.

### AVISO

Le han demandado a usted en la corte. Si usted quiere
defenderse de estas demandas expuestas en las páginas
siguientes, usted tiene veinte (20) días de plazo al partir
de la fecha de la demanda y la notificatión. Hace falta
asentar una comparencia escrita o en persona o a
entregar a la corte en forma con un abogado y escrita
sus defensas o sus objeciones a las demandas en contra de
su personá. Sea avisado que si usted no se defiende, la
corte tomará medidas y puede continuar la demandante y
la demanda en contra suya sin previo aviso o notificación.
Además, la corte puede decidir a favor del demandante y
requiere que usted cumpla con todas las provisiones de esta
demanda. Usted puede perder dinero o sus propiedades u
otros derechos importantes para usted. INMEDIATAMENTE.
SI NO TIENE ABOGADO O SINO TIENE EL DINERO
SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN
PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA
DIRECCIóN SE ENCUENTRA ESCRITA ABAJO PARA
AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA
LEGAL

**PHILADELPHIA COUNTY BAR ASSOCIATION**
**LAWYER REFERRAL AND INFORMATION SERVICE**
**One Reading Center**
**PHILADELPHIA, PENNSYLVANIA 19107**
**TELEPHONE: (215) 238-6333**

Case ID: 150102512

**CLAIMS WORLDWIDE, LLC**
By:  JOSEPH A. ZENSTEIN, ESQUIRE
Identification No.:  62349
One Penn Center, Suite 1270
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
jzenstein@claimsworldwide.com
(215) 230-0800

MAJOR CASE
NON-JURY



Attorney for Plaintiff

| | | |
|---|---|---|
| BARBARA JULIAN<br>570 Pebble Hill Road<br>Doylestown, PA 18901<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY<br>2775 Sanders Road<br>Northbrook, IL 60062 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>JANUARY TERM, 2015<br><br>NO.   2512 |

## CIVIL ACTION
### (1C.  Contracts;  1J.  Bad Faith)

1.      Plaintiff is an adult individual residing at the address as set forth above.

2.      Defendant is a corporation duly organized and existing which is licensed to issue policies of insurance in the Commonwealth of Pennsylvania and maintains its principal place of business at the address set forth above.    Defendant regularly conducts business in the City and County of Philadelphia.

3.      At all times material hereto, Defendant was acting by and through its duly authorized agents, servants, workmen or employees who were acting within the course and scope of their employment and on the business of said employer.

4.      Defendant, in its regular course of business, issued to Plaintiff a policy of insurance, policy number 77792173, covering Plaintiff's premises located at 570 Pebble Hill Road, Doylestown, PA 18901.  Plaintiff is not in possession of the entire policy and it is alleged that said policy is in the possession of Defendant.

5.     On or about February 13, 2014, while said policy of insurance was in full force and effect, Plaintiff suffered a sudden and accidental direct physical loss to the insured premises resulting in damage to the insured premises in those areas and to the extent set forth in the estimate of Alliance Adjustment Group, a true and correct copy of which is attached hereto, made part hereof, and marked Exhibit "A".

6.     Notice of Plaintiff's covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all things required of Plaintiff under the policy of insurance issued by Defendant, including cooperating with Defendant's investigation; mitigating damages where reasonable, required and/or possible; providing Defendant with all available information and complying with all conditions precedent.

7.     Defendant determined that Plaintiff suffered a loss to property that was covered under the terms and conditions of the policy but failed and refused to indemnify Plaintiff completely for the loss.

8.     To the extent that Defendant failed and refused to fully indemnify Plaintiff completely for the loss, Defendant denied coverage for certain aspects of Plaintiff's claim in whole or in part.

9.     Defendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiff all of the benefits due and owing under said policy of insurance.

10.    As a direct result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the aforementioned policy of insurance, as well as the mishandling of Plaintiff's claim, Plaintiff has suffered loss and damage in an amount in

excess of $50,000.00.

## COUNT I
## BREACH OF CONTRACT

11.    Plaintiff incorporates by reference herein the facts and allegations contained in the foregoing paragraphs as though same were set forth herein at length.

12.    Defendant has breached its contractual obligations to pay benefits to Plaintiff for a loss covered under Defendant's policy of insurance.

WHEREFORE, Plaintiff demands judgments against Defendant in an amount in excess of $50,000.00 together with interest and costs.

## COUNT II
## BAD FAITH

13.    Plaintiff incorporates by reference herein the facts and allegations contained in the foregoing paragraphs as though same were set forth herein at length.

14.    On March 7, 2104, Alliance sent a letter to Defendant requesting, inter alia, that Defendant send information related to any prior claims that Plaintiff had made with regard to her property.  A copy of the March 7, 2014, letter is attached hereto and marked as Exhibit "B".

15.    On March 17, 2014, Alliance received a letter dated March 11, 2014, from Defendant acknowledging Alliance's request for information related to prior claims but refusing to comply with same.  A copy of the March 11, 2014, letter is attached hereto and marked as Exhibit "C".

16.    On March 27, 2014, Donna Wisnom, Esq., Alliance's General Counsel, sent a letter to Defendant reiterating the demand for the documents from the previous claims and outlining the obligations of an insurance company to adjust the Plaintiff's

claim in good faith. A copy of the March 27, 2014, letter is attached hereto and marked as Exhibit "D".

17.    Defendant never responded to Ms. Wisnom's letter or provided the documents related to prior claims.

18.    On July 8, 2014, Alliance sent a letter to Defendant requesting an explanation for its failure and refusal to include the "vast majority" of the Alliance estimate. A copy of the July 8, 2014, letter is attached hereto and marked as Exhibit "E".

19.    Defendant did not respond to the Alliance letter of July 8, 2014.

20.    On August 4, 2014, Alliance sent a letter to Defendant requesting a response to its letter of July 8, 2014. A copy of the August 4, 2014, letter is attached hereto and marked as Exhibit "F".

21.    Defendant did not respond to the Alliance letter of August 4, 2014.

22.    On September 8, 2014, Alliance sent a letter to Defendant requesting a full and complete explanation for all portions of the claim for which Defendant failed and refused to provide coverage. A copy of the September 8, 2014, letter is attached hereto and marked as Exhibit "G".

23.    Defendant did not respond to the Alliance letter of September 8, 2014.

24.    On October 11, 2014, Alliance sent a letter to Defendant requesting a response to its letters of July 8, 2014, August 4, 2014, and September 8, 2011. A copy of the October 11, 2014, letter is attached hereto and marked as Exhibit "H".

25.    On October 20, 2014, Alliance received a letter from Defendant dated October 14, 2014 which did not respond to any of Alliance's previous letters but simply

stated that it "will not be ordering an additional inspection". A copy of the October 14, 2014, letter is attached hereto and marked as Exhibit "I".

26.    The letter of October 14, 2014, stated that Defendant stood by its original assessment of damages and specifically instructed Plaintiff to either demand appraisal or file suit if she disagreed with its determination of her damages.

27.    On October 27, 2014, Alliance received a letter from Defendant dated October 21, 2014. A copy of the October 21, 2014, letter is attached hereto and marked as Exhibit "J".

28.    The October 21, 2014, letter was virtually identical to Defendant's letter of October 14, 2014, except that Defendant added language that stated: "[w]e handle appraisal request, or litigation. *These are your only two options.*" (Emphasis added).

29.    On November 8, 2014, Alliance sent a letter to Defendant indicating its belief that a third option to resolve the claim exists - "that being <u>good faith negotiations leading toward the amicable resolution of the loss</u>." A copy of the November 8, 2014, letter is attached hereto and marked as Exhibit "K".

30.    Alliance's letter of November 8, 2014, again requested an explanation for why Defendant had denied payment for the vast majority of its estimate.

31.    On November 18, 2014, Alliance received a letter dated November 14, 2014, which did not respond to Alliance's letter of November 8, 2014, but rather was identical to its letter dated October 21, 2014.

32.    On November 22, 2014, Alliance sent a letter to Defendant demanding appraisal, so long as it was done without limitations or conditions. A copy of the November 22, 2014, letter is attached hereto and marked as Exhibit "L".

33.   On December 15, 2014, Alliance received a letter dated December 8, 2014, which did not respond to Alliance's letter of November 22, 2014, but rather was identical to its letters dated October 21, 2014 and November 14, 2014.

34.   The letters sent by Defendant were not responsive in any manner whatsoever to Alliance's requests for information or demand for appraisal.

35.   Defendant knowingly and intentionally denied Plaintiff a benefit under the policy by failing to explain its coverage decisions, and denying her the opportunity to rebut its positions and/or provide additional documents or information that would have tended to support Plaintiff's positions.

36.   Defendant knowingly and intentionally denied Plaintiff a benefit under the policy by failing to provide Plaintiff with documents related to her own previous claims.

37.   Defendant failed to even acknowledge Plaintiff's demand for appraisal even after advising her on multiple occasions that her only options were to demand appraisal or file suit.

38.   Defendant knowingly and intentionally denied Plaintiff a benefit under the policy by failing to even acknowledge Plaintiff's demand for appraisal.

39.   Defendant forced Plaintiff to file suit to obtain the information that she requested and to obtain the benefits due under the policy.

40.   Defendant has engaged in Bad Faith conduct toward Plaintiff and has treated Plaintiff unreasonably and unfairly with respect to its adjustment of Plaintiff's covered loss, in violation of 42 Pa.C.S.A. §8371.

41.   In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered loss, Defendant, acting by and through its duly authorized

agents, servants, workmen or employees, has engaged in the following conduct:

    (a)    in placing its interests over the interests of its insureds;

    (b)    in denying portions of Plaintiff's claim without any credible evidence to substantiate its basis for denial;

    (c)    in failing and refusing to provide Plaintiff and/or her appointed representative, Alliance with information related to its coverage decisions;

    (d)    in denying Plaintiff the opportunity to go to appraisal by failing to acknowledge Plaintiff's demand for same;

    (e)    in forcing Plaintiff to file suit instead of negotiating her claim toward an amicable resolution;

    (f)    in failing and refusing to provide requested and relevant information related to the adjustment of Plaintiff's claim;

    (g)    in denying Plaintiff the opportunity to rebut its coverage decisions by failing to provide requested and relevant information related to its coverage decisions;

    (h)    in forcing Plaintiff to file suit in order to get the information they requested;

    (i)    in failing to properly respond to communication in a timely and reasonable manner;

    (j)    in failing to effectuate a fair and equitable settlement of Plaintiff's claim when its liability under the policy became reasonably clear;

    (k)    in refusing to pay portions of Plaintiff's claim without conducting a reasonable and fair investigation based upon all available information;

    (l)    in failing to do a complete and accurate evaluation of Plaintiff's claim despite numerous requests to do so;

(m)     in treating Plaintiff with reckless indifference and disregard under the circumstances;

(n)     in not having a reasonable basis for denying Plaintiff some of the benefits due under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied Plaintiff's claim;

42.     Solely as a result of Defendant's bad faith misconduct as aforesaid, Plaintiff has been required to obtain counsel to commence the present action to recover benefits due and owing under the policy of insurance issued by Defendant for Plaintiff's covered loss and has incurred costs and other expenses in connection with said claim.

WHEREFORE, Plaintiff demands judgment against ALLSTATE or compensatory damages, punitive damages, counsel fees and costs, together with interest on Plaintiff's claim in an amount equal to the prime rate of interest plus three percent (3%), in an amount in excess of $50,000.00.

**CLAIMS WORLDWIDE, LLC**

BY:_____/s/_____
        JOSEPH A. ZENSTEIN, ESQUIRE
        Attorney for Plaintiff

Date:     February 10, 2015

## VERIFICATION

The undersigned, having read the attached document, verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the document is that of counsel and not of signer. Signer verifies that he/she has read the within document and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the document are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

x _____

BARBARA JULIAN

FILE NO.:   512-2141

Case ID: 150102512

# EXHIBIT "A"

**Alliance Adjustment Group, Inc.**
263 N. Main Street,
Doylestown PA 18901

BARBARA JULIAN
570 PEBBLE HILL ROAD
DOYLESTOWN PA 18901

Date of Est.:
Estimator:
File Number: C14.1162
Date of Loss: 2/13/14
Type of Loss: Storm

| | Description | Repairs |
|---|---|---|
| 01 | Demolition | $2,594.70 |
| 02 | Lumber and Millwork | $3,860.39 |
| 03 | Kitchen Cabinets | $2,022.30 |
| 04 | Roofing | $65,715.60 |
| 06 | Plumbing | $449.40 |
| 08 | Insulation | $1,163.19 |
| 09 | Dry Wall | $20.72 |
| 10 | Plaster | $17,062.22 |
| 11 | Acoustical Ceiling | $543.75 |
| 13 | Hardwood Flooring | $4,461.69 |
| 15 | Painting / Wallpapering | $17,141.47 |
| 16 | Electrical | $679.73 |
| 23 | Siding & Cappings | $16,184.39 |
| 25 | Mitigation Services | $650.00 |
| 27 | Appliances | $160.18 |
| 28 | Miscellaneous & Hardware | $1,635.14 |
| 30 | Landscaping | $0.00 |
| 80 | Waterproofing | $733.52 |
| 99 | Building Cleaning | $806.47 |

| | | |
|---|---|---|
| Sub Total: | | $135,884.86 |
| Overhead: 10% | | $13,588.49 |
| SubTotal: | | $149,473.35 |
| Profit: 10% | | $14,947.33 |
| SubTotal: | | $164,420.68 |
| Ins Tax Permits: 3% | | $4,932.62 |
| **Total:** | | $169,353.30 |

CERTIFIED
NARI®
JAMES WAGNER CR
Registration No. 4218
REMODELER®

\* - not included in Overhead, Profit, and Ins Tax Permits calculations.


ESTIMATE INFORMATION PROVIDED HEREIN MAY BE BASED ON PRELIMINARY REVIEW AND SUBJECT TO CORRECTIONS, REVISIONS, ADDITIONS AND DELETIONS. THOUGH THIS MATERIAL IS PROOF READ, IT MAY CONTAIN TYPOGRAPHICAL AND/OR OTHER ERRORS BEYOND OUR CONTROL. RIGHTS ARE RESERVED TO CHANGE PORTIONS OF THE ATTACHED OR SUPPLEMENTED INFORMATION THEREIN. PORTIONS OF THE INFORMATION CONTAINED HEREIN MAY BE COMPILED BY THE USE OF COMPUTER OR OTHER ELECTRONICALLY GENERATED MEANS. ANY ERRORS OR OMISSIONS EITHER BY VIRTUE OF MISPRINT OR BY INCORRECT ENTRIES BY A DATA PROCESSOR SHOULD BE CONSIDERED A TYPOGRAPHICAL ERROR. WE ATTEMPT TO PROOF READ ALL ENTRIES, BUT THE INFORMATION CONTAINED HEREIN MAY NOT REFLECT EACH TO EVERY LAST REVIEW.

02512

**BARBARA JULIAN**     570 PEBBLE HILL ROAD   DOYLESTOWN, PA 18901

C14.1162

| DEMO/MISC | (0' 0" X 0' 0" X 0' 0") |
|---|---|
| Offset 1 | (0' 0" X 0' 0" X 0' 0") |
| Offset 2 | (0' 0" X 0' 0" X 0' 0") |

Linear Feet: 0      Wall Sf: 0        Ceiling SF: 0      Total SF: 0

| Description | Quantity | Price | Total | # |
|---|---|---|---|---|
| Demo Carpenters Labor Per Day | 3 | $302.40 ea | $907.20 | 01 |
| Demo Laborer Per Day | 4 | $202.50 ea | $810.00 | 01 |
| Dumpster 30 C.Y. Capacity | 1 | $877.50 ea | $877.50 | 01 |
| PODS Container (per month) | 2 | $376.47 ea | $752.94 | 28 |
| Emergency Roof Repairs - Exterior Edge Contracting Invoice | 1 | $650.00 ea | $650.00 | 25 |
| Tree Removal - Willow Tree Service Invoice (OPEN) | 1 | $0.00 ea | $0.00 | 30 |
| | | **Total Room Price:** | $3,997.64 | |

| HOUSE ROOF | (40' 0" X 41' 0" X 1' 0") |
|---|---|
| Offset 1 | (14' 0" X 24' 0" X 1' 0") |
| Offset 2 | (0' 0" X 0' 0" X 0' 0"} |

Linear Feet: 238      Wall Sf: 238        Ceiling SF: 1976      Total SF: 2214

| Description | Quantity | Price | Total | # |
|---|---|---|---|---|
| Slate Shingles | 1976 | $12.54 sf | $24,779.04 | 04 |
| Remove Slate Roofing Tiles | 1976 | $3.14 sf | $6,204.64 | 04 |
| Vent Collars | 2 | $89.24 ea | $178.48 | 04 |
| Copper Flashing (minimum) | 3 | $438.13 ea | $1,314.39 | 23 |
| Flash Chimney (Avg) | 3 | $291.01 ea | $873.03 | 23 |
| Snow Catcher Cleats | 26 | $39.21 ea | $1,019.46 | 04 |
| | | **Total Room Price:** | $34,369.04 | |

| BARN EXTERIOR | (46' 0" X 40' 0" X 1' 0") |
|---|---|
| Offset 1 | (0' 0" X 0' 0" X 0' 0") |
| Offset 2 | (0' 0" X 0' 0" X 0' 0") |

Linear Feet: 172      Wall Sf: 172        Ceiling SF: 1840      Total SF: 2012

| Description | Quantity | Price | Total | # |
|---|---|---|---|---|
| Roofing Removal | 1012 | $0.60 sf | $607.20 | 04 |
| Corr. Steel Roof Panels | 598 | $3.16 sf | $1,889.68 | 04 |
| Slate Shingles | 1472 | $12.54 sf | $18,458.88 | 04 |
| Remove Slate Roofing Tiles | 1472 | $3.14 sf | $4,622.08 | 04 |
| Copper Flashing (minimum) | 1 | $438.13 ea | $438.13 | 23 |
| Flash Chimney (Avg) | 1 | $291.01 ea | $291.01 | 23 |
| Sanding Seam Metal Roof (Tin) | 414 | $12.21 sf | $5,054.94 | 04 |



ESTIMATE INFORMATION PROVIDED HEREIN MAY BE BASED ON PRELIMINARY REVIEW AND SUBJECT TO CORRECTIONS, REVISIONS, ADDITIONS AND DELETIONS. THOUGH THIS MATERIAL IS PROOF READ, IT MAY CONTAIN TYPOGRAPHICAL AND/OR OTHER ERRORS BEYOND OUR CONTROL. ALL RIGHTS RESERVED TO CHANGE PORTIONS OF THE ATTACHED OR SUPPLEMENTED INFORMATION THEREIN. PORTIONS OF THE THE INFORMATION CONTAINED HEREIN MAY BE COMPILED BY THE USE OF COMPUTER OR OTHER ELECTRONICALLY GENERATED MEANS. ANY ERRORS OR OMISSIONS EITHER BY VIRTUE OF MISPRINT OR BY INCORRECT ENTRIES BY A DATA PROCESSOR SHOULD BE CONSIDERED A TYPOGRAPHICAL ERROR. WE ATTEMPT TO PROOF READ ALL ENTRIES, BUT THE INFORMATION

2512

**BARBARA JULIAN**      570 PEBBLE HILL ROAD   DOYLESTOWN, PA 18901

C14.1162

**Total Room Price:**      $31,361.92

| COTTAGE EXTERIOR | (0' 0" X 0' 0" X 0' 0") |
| Offset 1 | (0' 0" X 0' 0" X 0' 0") |
| Offset 2 | (0' 0" X 0' 0" X 0' 0") |

Linear Feet: 0      Wall Sf: 0         Ceiling SF: 0      Total SF: 0

| Description | Quantity | Price | | Total | # |
|---|---|---|---|---|---|
| Paint Exterior Trim Units | 13 | $33.10 | ea | $430.30 | 15 |
| Paint Exterior Opening | 18 | $33.10 | ea | $595.80 | 15 |
| Paint Exterior (Flatwork) | 16 | $0.76 | sf | $12.16 | 15 |
| Paint Exterior Window | 18 | $385.02 | ea | $6,930.36 | 15 |
| Paint Exterior Door (Oneside) | 2 | $33.10 | ea | $66.20 | 15 |
| Stain Wood Siding (SF) | 1440 | $2.18 | sf | $3,139.20 | 15 |
| R & R Air Conditioner Window | 1 | $98.83 | ea | $98.83 | 16 |
| R & R Electrical Service | 1 | $202.50 | ea | $202.50 | 16 |
| R & R Telephone Service Panel | 1 | $114.75 | ea | $114.75 | 16 |
| HardiPlank Siding | 1440 | $7.92 | sf | $11,404.80 | 23 |
| Roofing Removal | 1260 | $0.60 | sf | $756.00 | 04 |
| Asphalt Felt Paper | 1384 | $0.53 | sf | $733.52 | 80 |
| Asphalt Shingles 240 lb | 1384 | $1.55 | sf | $2,145.20 | 04 |
| Aluminum Flashing | 48 | $5.35 | lf | $256.80 | 23 |
| Flash Chimney (Avg) | 1 | $291.01 | ea | $291.01 | 23 |
| Copper Gutters | 31 | $16.06 | lf | $497.86 | 23 |
| Half Round Galvanized Gutter | 78 | $8.83 | lf | $688.74 | 23 |
| Remove Gutters or Downspouts | 109 | $1.18 | sf | $128.62 | 23 |
| CDX Plywood 1/2" Sheathing | 64 | $2.25 | sf | $144.00 | 02 |

**Total Room Price:**      $28,636.65

| COTTAGE BEDROOM 1 | (10' 4" X 13' 2" X 7' 10") |
| Offset 1 | (3' 0" X 1' 6" X 7' 10") |
| Offset 2 | (0' 0" X 0' 0" X 0' 0") |

Linear Feet: 56      Wall Sf: 439         Ceiling SF: 141      Total SF: 579

| Description | Quantity | Price | | Total | # |
|---|---|---|---|---|---|
| Clean Wood Framing Members | 579 | $0.49 | sf | $283.71 | 99 |
| Post Construction Cleaning (SF) | 141 | $0.23 | sf | $32.43 | 99 |
| Sand, Stain & Finish Floors | 141 | $4.45 | sf | $627.45 | 13 |
| Plaster Wood Lath W/C | 64 | $55.12 | sy | $3,527.68 | 10 |
| Remove Plaster | 64 | $11.43 | sy | $731.52 | 10 |
| Fiberglass Insulation 6" R19 | 141 | $1.10 | sf | $155.10 | 08 |



ESTIMATE INFORMATION PROVIDED HEREIN MAY BE BASED ON PRELIMINARY REVIEW AND SUBJECT TO CORRECTIONS, REVISIONS, ADDITIONS AND DELETIONS. THOUGH THIS MATERIAL IS PROOF READ, IT MAY CONTAIN TYPOGRAPHICAL AND/OR OTHER ERRORS BEYOND OUR CONTROL. RIGHTS ARE RESERVED TO CHANGE PORTIONS OF THE ATTACHED OR SUPPLEMENTED INFORMATION THEREIN. PORTIONS OF THE INFORMATION HEREIN MAY BE COMPILED BY THE USE OF COMPUTER OR OTHER ELECTRONICALLY GENERATED MEANS. ANY ERRORS OR OMISSIONS EITHER BY VIRTUE OF MISPRINT OR BY INCORRECT ENTRIES BY A DATA PROCESSOR SHOULD BE CONSIDERED A TYPOGRAPHICAL ERROR. WE ATTEMPT TO PROOF READ ALL ENTRIES, BUT THE INFORMATION CONTAINED HEREIN MAY NOT REFLECT THE LATEST OR CURRENT VALUE.

**BARBARA JULIAN**  **570 PEBBLE HILL ROAD  DOYLESTOWN, PA 18901**

C14.1162

| Description | Quantity | Price | | Total | # |
|---|---|---|---|---|---|
| Remove Insulation | 141 | $0.81 | sf | $114.21 | 08 |
| Shoe Molding Pine | 56 | $2.35 | lf | $131.60 | 02 |
| Molding Base 1 Member | 56 | $2.85 | lf | $159.60 | 02 |
| Molding Door Set Ranch | 3 | $56.38 | st | $169.14 | 02 |
| Molding Window Set Ranch | 3 | $43.74 | st | $131.22 | 02 |
| Window Sill/Apron | 3 | $52.87 | ea | $158.61 | 02 |
| Seal Walls & Ceiling | 579 | $0.39 | sf | $225.81 | 15 |
| Paint Walls & Ceiling | 579 | $0.55 | sf | $318.45 | 15 |
| Paint Base Trim | 56 | $0.93 | lf | $52.08 | 15 |
| Paint Shoe Molding | 56 | $0.93 | lf | $52.08 | 15 |
| Paint Doors Oneside | 3 | $22.52 | un | $67.56 | 15 |
| Paint Door Trim & Jamb 1 side | 3 | $18.98 | un | $56.94 | 15 |
| Paint Windows Oneside | 3 | $29.43 | un | $88.29 | 15 |
| Paint Window Trim Oneside | 3 | $18.40 | un | $55.20 | 15 |
| Spray Seal Joist | 579 | $0.74 | sf | $428.46 | 15 |
| R/Reset Contents & Protect | 3 | $37.53 | ea | $112.59 | 28 |
| Remove & Reset Blinds | 3 | $22.95 | ea | $68.85 | 02 |
| Remove & Reset Door | 3 | $42.05 | ea | $126.15 | 02 |
| Remove & Reset Heater  Vent | 2 | $8.10 | ea | $16.20 | 28 |
| Remove & Reset Switch Plate | 5 | $3.00 | ea | $15.00 | 16 |
| Remove & Reset Shelving | 1 | $42.04 | ea | $42.04 | 02 |
| | | **Total Room Price:** | | **$7,947.97** | |

**COTTAGE LIVING ROOM**  (14' 2" X 11' 5" X 8' 0 ")
**Offset 1**  (7' 0" X 4' 3" X 8' 0 ")
**Offset 2**  (0' 0" X 0' 0" X 0' 0 ")

Linear Feet: 74  Wall Sf: 589  Ceiling SF: 191  Total SF: 781

| Description | Quantity | Price | | Total | # |
|---|---|---|---|---|---|
| Clean Wood Framing Members | 781 | $0.49 | sf | $382.69 | 99 |
| Post Construction Cleaning (SF) | 191 | $0.23 | sf | $43.93 | 99 |
| Sand, Stain & Finish Floors | 191 | $4.45 | sf | $849.95 | 13 |
| Plaster Wood Lath W/C | 87 | $55.12 | sy | $4,795.44 | 10 |
| Remove Plaster | 87 | $11.43 | sy | $994.41 | 10 |
| Fiberglass Insulation 6" R19 | 191 | $1.10 | sf | $210.10 | 08 |
| Remove Insulation | 191 | $0.81 | sf | $154.71 | 08 |
| Shoe Molding Pine | 74 | $2.35 | lf | $173.90 | 02 |
| Molding Base 1 Member | 74 | $2.85 | lf | $210.90 | 02 |
| Molding Door Set Ranch | 6 | $56.38 | st | $338.28 | 02 |
| Molding Window Set Ranch | 4 | $43.74 | st | $174.96 | 02 |



ESTIMATE INFORMATION PROVIDED HEREIN MAY BE BASED ON PRELIMINARY REVIEW AND SUBJECT TO CORRECTIONS. REVISIONS, ADDITIONS AND DELETIONS, THOUGH THIS MATERIAL IS PROOF READ, IT MAY CONTAIN TYPOGRAPHICAL AND/OR OTHER ERRORS BEYOND OUR CONTROL. CREDIT IS RESERVED TO CHANGE PORTIONS OF THE ATTACHED OR SUPPLEMENTED INFORMATION THEREIN. PORTIONS OF THE INFORMATION CONTAINED HEREIN MAY BE COMPILED BY THE USE OF COMPUTER OR OTHER ELECTRONICALLY GENERATED MEANS.  ANY ERRORS OR OMISSIONS EITHER BY VIRTUE OF MISPRINT OR BY INCORRECT ENTRIES BY A DATA PROCESSOR SHOULD BE CONSIDERED A TYPOGRAPHICAL ERROR.  WE ATTEMPT TO PROOF READ ALL ENTRIES, BUT THE INFORMATION

2512

**BARBARA JULIAN**        **570 PEBBLE HILL ROAD   DOYLESTOWN, PA 18901**

C14.1162

| Description | Quantity | Price | | Total | # |
|---|---|---|---|---|---|
| Window Sill/Apron | 4 | $52.87 | ea | $211.48 | 02 |
| Seal Walls & Ceiling | 781 | $0.39 | sf | $304.59 | 15 |
| Paint Walls & Ceiling | 781 | $0.55 | sf | $429.55 | 15 |
| Paint Base Trim | 74 | $0.93 | lf | $68.82 | 15 |
| Paint Shoe Molding | 74 | $0.93 | lf | $68.82 | 15 |
| Paint Doors Oneside | 6 | $22.52 | un | $135.12 | 15 |
| Paint Door Trim & Jamb 1 side | 6 | $18.98 | un | $113.88 | 15 |
| Paint Windows Oneside | 4 | $29.43 | un | $117.72 | 15 |
| Paint Window Trim Oneside | 4 | $18.40 | un | $73.60 | 15 |
| Spray Seal Joist | 781 | $0.74 | sf | $577.94 | 15 |
| Paint Shelf & Pin Rail | 14 | $44.23 | un | $619.22 | 15 |
| R/Reset Contents & Protect | 4 | $37.53 | ea | $150.12 | 28 |
| Remove & Reset Blinds | 3 | $22.95 | ea | $68.85 | 02 |
| Remove & Reinstall Draperies | 1 | $63.45 | ea | $63.45 | 28 |
| Remove & Reset Door | 2 | $42.05 | ea | $84.10 | 02 |
| Remove & Reset Light Fixture | 1 | $33.43 | ea | $33.43 | 16 |
| Remove & Reset Switch Plate | 5 | $3.00 | ea | $15.00 | 16 |
| Remove & Reset Ceiling Fan | 1 | $56.90 | ea | $56.90 | 16 |
| Remove & Reset Thermostat | 1 | $25.03 | ea | $25.03 | 16 |

Total Room Price:        $11,546.89

**COTTAGE PLAYROOM**    (12' 7" X 11' 6" X 8' 0 " )
**Offset 1**            (0' 0" X 0' 0" X 0' 0 " )
**Offset 2**            (0' 0" X 0' 0" X 0' 0 " )

Linear Feet: 48        Wall Sf: 385        Ceiling SF: 145        Total SF: 530

| Description | Quantity | Price | | Total | # |
|---|---|---|---|---|---|
| Post Construction Cleaning (SF) | 145 | $0.23 | sf | $33.35 | 99 |
| Sand, Stain & Finish Floors | 145 | $4.45 | sf | $645.25 | 13 |
| Plaster Wood Lath W/C | 59 | $55.12 | sy | $3,252.08 | 10 |
| Remove Plaster | 59 | $11.43 | sy | $674.37 | 10 |
| Fiberglass Insulation 6" R19 | 145 | $1.10 | sf | $159.50 | 08 |
| Remove Insulation | 145 | $0.81 | sf | $117.45 | 08 |
| Remove Suspended Ceiling | 145 | $0.91 | sf | $131.95 | 11 |
| Acoustical Ceiling 12"x12" | 145 | $2.84 | sf | $411.80 | 11 |
| Shoe Molding Pine | 48 | $2.35 | lf | $112.80 | 02 |
| Molding Base 1 Member | 48 | $2.85 | lf | $136.80 | 02 |
| Molding Door Set Ranch | 2 | $56.38 | st | $112.76 | 02 |
| Molding Window Set Ranch | 2 | $43.74 | st | $87.48 | 02 |
| Window Sill/Apron | 2 | $52.87 | ea | $105.74 | 02 |



ESTIMATE INFORMATION PROVIDED HEREIN MAY BE BASED ON PRELIMINARY REVIEW AND SUBJECT TO CORRECTIONS, REVISIONS, ADDITIONS AND/OR DELETIONS.
THOUGH THIS MATERIAL IS PROOF READ, IT MAY CONTAIN TYPOGRAPHICAL AND/OR OTHER ERRORS BEYOND OUR CONTROL. RIGHTS ARE RESERVED TO
CHANGE PORTIONS OF THE ATTACHED AND SUPPLEMENTED INFORMATION THEREIN. PORTIONS OF THE INFORMATION CONTAINED HEREIN MAY BE COMPILED BY
THE USE OF COMPUTER OR OTHER ELECTRONICALLY GENERATED MEANS. ANY ERRORS OR OMISSIONS EITHER BY VIRTUE OF MISPRINT OR BY INCORRECT
ENTRIES BY A DATA PROCESSOR SHOULD BE CONSIDERED A TYPOGRAPHICAL ERROR. WE ATTEMPT TO PROOF READ ALL ENTRIES, BUT THE INFORMATION

2512

**BARBARA JULIAN**        **570 PEBBLE HILL ROAD   DOYLESTOWN, PA 18901**

C14.1162

| Description | Quantity | Price | | Total | # |
|---|---|---|---|---|---|
| Seal Walls & Ceiling | 530 | $0.39 | sf | $206.70 | 15 |
| Paint Walls | 385 | $0.55 | sf | $211.75 | 15 |
| Paint Base Trim | 48 | $0.93 | lf | $44.64 | 15 |
| Paint Shoe Molding | 48 | $0.93 | lf | $44.64 | 15 |
| Paint Doors Oneside | 1 | $22.52 | un | $22.52 | 15 |
| Paint Door Trim & Jamb 1 side | 2 | $18.98 | un | $37.96 | 15 |
| Paint Window Trim Oneside | 2 | $18.40 | un | $36.80 | 15 |
| Paint Ceiling Crown/Cove | 48 | $0.97 | lf | $46.56 | 15 |
| Paint Shelf & Pin Rail | 14 | $44.23 | un | $619.22 | 15 |
| Molding Cove 11/16" | 48 | $1.51 | lf | $72.48 | 02 |
| R/Reset Contents & Protect | 3 | $37.53 | ea | $112.59 | 28 |
| Remove & Reinstall Draperies | 2 | $63.45 | ea | $126.90 | 28 |
| Remove & Reset Light Fixture | 2 | $33.43 | ea | $66.86 | 16 |
| | | **Total Room Price:** | | **$7,630.95** | |

**COTTAGE KITCHEN**       (11' 6" X 11' 6" X 8' 0 ")
**Offset 1**              (0' 0" X 0' 0" X 0' 0 ")
**Offset 2**              (0' 0" X 0' 0" X 0' 0 ")

Linear Feet: 46        Wall Sf: 368        Ceiling SF: 132        Total SF: 500

| Description | Quantity | Price | | Total | # |
|---|---|---|---|---|---|
| Post Construction Cleaning (SF) | 132 | $0.23 | sf | $30.36 | 99 |
| Remove Wood Flooring | 132 | $2.79 | sf | $368.28 | 13 |
| Pergo/Laminate Flooring | 132 | $14.93 | sf | $1,970.76 | 13 |
| Plaster Wood Lath W/C | 56 | $55.12 | sy | $3,086.72 | 10 |
| Remove Drywall | 56 | $0.37 | sf | $20.72 | 09 |
| Fiberglass Insulation 6" R19 | 132 | $1.10 | sf | $145.20 | 08 |
| Remove Insulation | 132 | $0.81 | sf | $106.92 | 08 |
| Shoe Molding Pine | 46 | $2.35 | lf | $108.10 | 02 |
| Molding Base 1 Member | 46 | $2.85 | lf | $131.10 | 02 |
| Molding Door Set Ranch | 4 | $56.38 | st | $225.52 | 02 |
| Molding Window Set Ranch | 3 | $43.74 | st | $131.22 | 02 |
| Window Sill/Apron | 3 | $52.87 | ea | $158.61 | 02 |
| Seal Walls & Ceiling | 500 | $0.39 | sf | $195.00 | 15 |
| Paint Walls & Ceiling | 500 | $0.55 | sf | $275.00 | 15 |
| Paint Base Trim | 46 | $0.93 | lf | $42.78 | 15 |
| Paint Shoe Molding | 46 | $0.93 | lf | $42.78 | 15 |
| Paint Doors Oneside | 3 | $22.52 | un | $67.56 | 15 |
| Paint Door Trim & Jamb 1 side | 4 | $18.98 | un | $75.92 | 15 |
| Paint Windows Oneside | 3 | $29.43 | un | $88.29 | 15 |



ESTIMATE INFORMATION PROVIDED HEREIN MAY BE BASED ON PRELIMINARY REVIEW AND SUBJECT TO CORRECTIONS, REVISIONS, ADDITIONS AND DELETIONS. THOUGH THIS MATERIAL IS PROOF READ, IT MAY CONTAIN TYPOGRAPHICAL AND/OR OTHER ERRORS BEYOND OUR CONTROL. THESE ARE RESERVED TO CHANGE PORTIONS OF THE ATTACHED OR SUPPLEMENTED INFORMATION THEREIN. PORTIONS OF THE INFORMATION CONTAINED HEREIN MAY BE COMPILED BY THE USE OF COMPUTER OR OTHER ELECTRONICALLY GENERATED MEANS. ANY ERRORS OR OMISSIONS EITHER BY VIRTUE OF MISPRINT OR BY INCORRECT ENTRIES BY A DATA PROCESSOR SHOULD BE CONSIDERED A TYPOGRAPHICAL ERROR. WE ATTEMPT TO PROOF READ ALL OTHERS.

02512

**BARBARA JULIAN**            **570 PEBBLE HILL ROAD   DOYLESTOWN, PA 18901**

C14.1162

| Item | Qty | Price | Unit | Total | |
|---|---|---|---|---|---|
| Paint Window Trim Oneside | 3 | $18.40 | un | $55.20 | 15 |
| R/Reset Contents & Protect | 5 | $37.53 | ea | $187.65 | 28 |
| Remove & Reinstall Draperies | 1 | $63.45 | ea | $63.45 | 28 |
| Remove & Reset Door | 2 | $42.05 | ea | $84.10 | 02 |
| Remove & Reset Light Fixture | 1 | $33.43 | ea | $33.43 | 16 |
| Remove & Reset Heater  Vent | 2 | $8.10 | ea | $16.20 | 28 |
| Remove & Reset Switch Plate | 6 | $3.00 | ea | $18.00 | 16 |
| Remove & Reset Dishwasher | 1 | $101.25 | ea | $101.25 | 06 |
| Remove & Reset Refrigerator | 1 | $33.05 | ea | $33.05 | 28 |
| Remove & Reset Microwave | 1 | $160.18 | ea | $160.18 | 27 |
| R/Reset Sink Faucet & Drain | 1 | $159.73 | ea | $159.73 | 06 |
| Remove & Reset Sink | 1 | $188.42 | ea | $188.42 | 06 |
| Remove & Reset Cabinets | 15 | $134.82 | lf | $2,022.30 | 03 |

**Total Room Price:**       $10,393.80

**Total Estimate Price:**       $135,884.86

**Alliance**
ADJUSTMENT GROUP

ESTIMATE INFORMATION PROVIDED HEREIN MAY BE BASED ON PRELIMINARY REVIEW AND SUBJECT TO CORRECTIONS, REVISIONS, ADDITIONS AND DELETIONS. THOUGH THIS MATERIAL IS PROOF READ, IT MAY CONTAIN TYPOGRAPHICAL AND/OR OTHER ERRORS BEYOND OUR CONTROL. RIGHTS ARE RESERVED TO CHANGE PORTIONS OF THE ATTACHED OR SUPPLEMENTED INFORMATION THEREIN. PORTIONS OF THE INFORMATION CONTAINED HEREIN MAY BE COMPILED BY THE USE OF COMPUTER OR OTHER ELECTRONICALLY GENERATED MEANS. ANY ERRORS OR OMISSIONS EITHER BY VIRTUE OF MISPRINT OR BY INCORRECT ENTRIES BY A DATA PROCESSOR SHOULD BE CONSIDERED A TYPOGRAPHICAL ERROR. WE ATTEMPT TO PROOF READ ALL ENTRIES, BUT THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO SCRUPULOUS MEETING THE GREATE.

# EXHIBIT "B"

Case ID: 150102512



**Alliance**
ADJUSTMENT GROUP


Established 1999

*Your Partner In Property Damage Claims*

March 7, 2014

**Sent via email to cp68c@allstate.com and USPS**

Mitchell Kapper
Allstate Insurance Company
1200 Atwater Drive, Suite 110
Malvern, PA  19355

**RE:   Insured:**                      **JULIAN, Barbara**
                                                 **570 Pebble Hill Road**
                                                 **Doylestown, PA  18901**
          Insurance Company:     Allstate Insurance Company
          Claim Number:            0317630951
          Type of Loss:               Storm
          Date of Loss:               02/13/2014

Dear Mr. Kapper:

It was a pleasure meeting with you at the above-mentioned loss this afternoon.

While we were at the property, you indicated that the insured had many prior claims, involving areas of the property, which were also damaged by this loss.  We provided you with an estimate before we were advised of the prior claims.  We informed you that we would be sending you a revised estimate once we have a full understanding as to any/all prior claims.   **In an effort to ensure that the insured makes no claim for any items paid as part of a previous loss event, yet not repaired to date, we are asking that you provide us with the following:**

1) **A complete listing of all prior claims at this property.**
2) **A copy of the Allstate estimate which corresponds with each of the prior claims.**
3) **Photographs of the property memorializing the damages of the prior claims.**

Additionally, you advised that there is no coverage at all for the cottage, which sits on the property by the road.  This is puzzling, for you insured has had claims involving this building in the past, and recalls being covered for said damage.  Please contact the agent and confirm coverage on the cottage, and advise us in writing whether or not there is coverage.  If there is no coverage on the cottage, we are asking that Allstate advise us at to the date coverage ceased and why.

Thank you for your anticipated cooperation.

Sincerely,

**ALLIANCE ADJUSTMENT GROUP, INC.**

//jmw
cc: Barbara Julian, insured

James M. Wagner, CR
Licensed Public Adjuster

ALLIANCE ADJUSTMENT GROUP, INC  263 N. MAIN STREET
DOYLESTOWN, PA 18901

PHONE  267.880.3000    FAX  267.880.3003
www.allianceadjusment.com

Case ID: 150102512

# EXHIBIT "C"

Case ID: 150102512


NCT
PO BOX 672041
DALLAS TX 75267
You're in good hands.

MAR 1 7 20⸱

ALLIANCE ADJUSTMENT GROUP
263 N MAIN ST
DOYLESTOWN PA 189013729


March 11, 2014

INSURED: BARBARA JULIAN
DATE OF LOSS: February 13, 2014
CLAIM NUMBER: 0317630951 PLT

PHONE NUMBER: 800-326-0950
FAX NUMBER: 877-292-9527
OFFICE HOURS: Mon - Fri 7:00 am - 7:00 pm,
Sat 8:00 am - 5:00 pm


Dear ALLIANCE ADJUSTMENT GROUP,

This letter is to acknowledge that the correspondence submitted by James Wagner of Alliance Adjustment Group, Inc. was received in our office on March 8, 2014. In the letter, Mr. Wagner has requested information from all prior claims involved with this property including a listing of the claims as well their corresponding photos and estimates. Unfortunately, we will not be able to comply with your request as we have received no retainer or contract stating your representation of the insured for these claims.

We have also reviewed the coverage determination for the cottage which you refer to in your letter and will be assigning a field adjuster to re-inspect the residence with you or a representative of your office in order to attempt to agree to a scope of damage.

Our adjuster will contact your office in order to schedule another inspection of the property.

Based upon the information received, Allstate is in the process of investigating the claim, and reserves all rights in regard to this claim. Allstate does not waive any of its rights or defenses with regard to any potential claims under the policy by any action previously taken or by any action taken in the future. Rather Allstate reserves all of its rights and possible defenses in any way relating to questions raised by any such potential claims.

If you have any questions, you may contact me at: Allstate Insurance, P.O. Box 672041, Dallas, TX 75267; Phone: 800-326-0950 ext. 1210657; Fax: 877-281-9476.


Sincerely,

*JASON JOHNSON(Specialty)*

JASON JOHNSON(Specialty)
800-326-0950 Ext. 1210657
Allstate Insurance Company


Copy:   BARBARA JULIAN


GENI001                                    0317630951 PLT

Case ID: 150102512

# EXHIBIT "D"

Case ID: 150102512





*Your Partner In Property Damage Claims*

March 27, 2014

Allison Hearn
P.O. Box 6720401
Dallas, TX 75267

Sent via email: cppcl@allstate.com

RE: **Insured:** **JULIAN, Barbara**
                 **570 Pebble Hill Road**
                 **Doylestown, PA 18901**
    Insurance Company: Allstate Insurance Company
    Claim Number:       0317630951
    Type of Loss:        Storm
    Date of Loss:        02/13/2014

Dear Ms. Hearn:

Please be advised that I am General Counsel at Alliance Adjustment Group, Inc. and in that capacity I have been asked to contact you on behalf of James Wagner, who is the public adjuster handling Ms. Julian's claim for insurance benefits.

I have been advised by Mr. Wagner that portions of Ms. Julian's claim have been denied based on an assertion that the damages were from previous losses and not the storm of February 13, 2014. It is my understanding; both from Mr. Wagner and my review of the file, that Allstate has refused to turn over the records from the previous claims. I am contacting you to address that situation.

I am not aware of any authority under which you could withhold such documents from Mr. Wagner. In fact, it is your obligation to turn over the results of your investigation in support of the denial of any portion of a claim. I should not have to remind you of the requirements of the Unfair Insurance Practices Act, which compels you to provide a reasonable explanation for the denial of a claim. I submit to you that a bald assertion that damages are related to a prior loss without providing evidence thereof is not a "reasonable explanation".

Nor should I have to remind you that Allstate has a duty to act in good faith with regard to adjusting this claim. The withholding of information pertinent to your coverage decision is not consistent with this obligation, as I am sure that Allstate already knows.

In a case styled <u>Gelhert v. Allstate Insurance Company</u> September Term , 2011, No. 03833 (Philadelphia County, 2011), your insured filed suit for breach of contract and bad faith,

ALLIANCE ADJUSTMENT GROUP, INC 263 N. MAIN STREET
DOYLESTOWN, PA 18901



PHONE 267.880.3000  FAX 267.880.3003
www.allianceadjusment.com

Case ID: 150102512

because Allstate denied coverage for damages to siding based on an allegation that the damage had been caused by and paid for under a different loss, just as it has done here. Further, Allstate, just as here, refused to turn over the documentation with regard to the prior loss. All of the information from the prior loss was turned over in discovery and, as it turns out, the damages were not the same and Allstate was actually covering up evidence of the misconduct of its adjuster when it refused to produce the file from the previous claim.

Mr. Wagner is currently of the opinion that all of the repairs contained in his estimate are related to the storm event of February 13, 2014. He has expressed a willingness to review the scope of those repairs if you present the evidence that you claim you have which supports the partial denial of the claim. Accordingly, we are asking you again to produce all records from all previous claims for your insured for his review. Kindly send them to us within ten days of the date of this letter.

If you fail to comply with this reasonable request, we will assume that it is because it does not support the partial denial, just as in the Gelhert case and will advise your insured accordingly.

Thank you for your anticipated cooperation.

Sincerely,

ALLIANCE ADJUSTMENT GROUP, INC.

Donna Wisnom, Esq

Donna Wisnom, Esquire
General Counsel

cc: Barbara Julian, insured

# EXHIBIT "E"

Case ID: 150102512

  

*Your Partner in Property Damage Claims*

July 8, 2014

Bobby McGraw
Allstate Insurance Company
P.O. Box 672041
Dallas, TX 75267

### Sent via facsimile to 877-292-9527 & USPS

RE:  **Insured:**          **JULIAN, Barbara**
                            **570 Pebble Hill Road**
                            **Doylestown, PA 18901**
     Insurance Company:    Allstate Insurance Company
     Claim Number:         0317630951
     Type of Loss:         Storm
     Date of Loss:         02/13/2014

Dear Mr. McGraw:

Please be advised that I have had the opportunity to review your estimate and photographs from the loss that took place in 2011. After reviewing same, I am at a loss as to why you denied payment for the vast majority of my estimate for the above-captioned claim.

Specifically, the damages to the roof in the present claim are far more extensive than they were in 2011 and require a full replacement of the roof. Your estimate for the 2011 loss only replaces 110 square feet of slate. Further, your current estimate does not include anything for the doors or flooring which is included in my estimate for the 2014 loss. Finally, the 2011 claim did not involve any other structures. Please identify those damages from the 2011 claim which you claim overlap the 2014 claim.

For the 2014 claim your entire estimate for the dwelling is only $1,568.45. The cost to repair the damage to the attic alone is far in excess of your estimate for the entire building. Your estimate for the cost to repair the other structures is incredibly low and clearly out of line based on the amount of damages sustained to the buildings.

ALLIANCE ADJUSTMENT GROUP, INC  263 N. MAIN STREET
DOYLESTOWN, PA 18901



PHONE  267.880.3000   FAX  267.880.3003
www.allianceadjustment.com

Case ID: 150102512

Letter to Bobby McGraw July 8, 2014

RE:     JULIAN, Barbara
        570 Pebble Hill Road
        Doylestown, PA 18901
        Page 2 - Continued


I ask that you review this claim and, if necessary, contact me to discuss a reinspection of the property. I remain optimistic that this claim can settle, but that cannot be done without you taking a much more realistic view of the damages and the cost to repair same. Call me if you have any questions or concerns about the contents of this letter.


Thank you for your anticipated cooperation.

Sincerely,

**ALLIANCE ADJUSTMENT GROUP, INC.**

James M. Wagner, CR
Licensed Public Adjuster


JMW:dw
cc: Barbara Julian, insured

# EXHIBIT "F"

Case ID: 150102512



**Alliance**
ADJUSTMENT GROUP



*Your Partner In Property Damage Claims*

August 4, 2014

Bobby McGraw
Allstate Insurance Company
P.O. Box 672041
Dallas, TX 75267

**Sent via facsimile to 877-292-9527 & USPS**

| RE: | **Insured:** | **JULIAN, Barbara** |
|---|---|---|
| | | **570 Pebble Hill Road** |
| | | **Doylestown, PA 18901** |
| | Insurance Company: | Allstate Insurance Company |
| | Claim Number: | 0317630951 |
| | Type of Loss: | Storm |
| | Date of Loss: | 02/13/2014 |

Dear Mr. McGraw:

Kindly respond to my letter of July 8, 2014, a copy of which is enclosed. I remind you that the best way to resolve a dispute is through communication.

Thank you for your anticipated cooperation.

Sincerely,

**ALLIANCE ADJUSTMENT GROUP, INC.**

James M. Wagner, CR
Licensed Public Adjuster

JMW:dw
cc: Barbara Julian, insured



# EXHIBIT "G"

Case ID: 150102512





*Your Partner in Property Damage Claims*

September 8, 2014

Bobby McGraw
Allstate Insurance Company
P.O. Box 672041
Dallas, TX  75267

**Sent via facsimile to 877-292-9527 & USPS**

RE:   **Insured:**              **JULIAN, Barbara**
                                **570 Pebble Hill Road**
                                **Doylestown, PA  18901**
      Insurance Company:        Allstate Insurance Company
      Claim Number:             0317630951
      Type of Loss:             Storm
      Date of Loss:             02/13/2014

Dear Mr. McGraw:

Please be advised that I have not yet received a response to the "blacked-out" version of my estimate.  When I sent you the "blacked-out" version of my estimate I requested that you either revise your estimate to include all of the items that had been omitted from your original estimate *or* to provide a detailed explanation for why you were refusing to pay for these repair components.  You have thus far done neither.  I never expected that you would simply ignore my request for a revised estimate.

From your lack of response, I can only assume that you are refusing to revise your estimate.  Although I can appreciate the fact that you believe that your estimate was full, complete, and accurate, I hope you can accept the fact that I disagree with that assessment.  Despite your confidence, there still remains a large dispute between the items we claimed as part of this loss and what you have thus far paid on the claim.  I remind you that the easiest way to resolve disputes is through communication.  Unfortunately, it appears that your conduct was intended to terminate any discussion of this claim and the differences in our respective positions.  This is unacceptable.

Your insured is entitled to an explanation of your coverage decisions that go beyond the mere rejection of our request for a supplemental payment.  An insurance company must have a specific reason why it is refusing to make payments.  It is only when those reasons are disclosed that I can determine whether you may be correct or have the opportunity to explain why I continue to believe that the repairs should be included as part of the loss.



PHONE  267.880.3000   FAX  267.880.3003
www.allianceadjustment.com

Case ID: 150102512

For example, it is possible that your estimating software program uses assumption models that include certain supporting repair components within the unit cost of other repairs. If that is true, then I know that the issue may be one of unit cost and not coverage. On the other hand, if you believe that portions of the property did not sustain damage, I may have photographs to document the damage and perhaps a reinspection would be appropriate to resolve the issue. By refusing to provide me with *any* explanation, you are depriving your insured the opportunity to fully understand your decision, and more importantly to provide information that would rebut it.

I ask that you revisit the previous "blacked-out" estimate that I sent you and again request that you revise your estimate to include the missing repair components in order to fully indemnify your insured. In the absence of full compliance with that request, I again ask you to provide a rational explanation for your omission of any of the submitted repairs.

If you refuse this reasonable request, I will have no option but to accept your non-response as an admission that you do not have any rational explanation for refusing to make payment based on the scope of repairs as outlined in my estimate.

Sincerely,

**ALLIANCE ADJUSTMENT GROUP, INC.**

James M. Wagner, CR
Licensed Public Adjuster

JMW:dw
cc: Barbara Julian, insured

Case ID: 150102512

# EXHIBIT "H"

Case ID: 150102512





*Your Partner in Property Damage Claims*

October 11, 2014

**Sent via facsimile to 866-547-5534 and USPS**

Property Claims Manager
Allstate Insurance Company
1200 Atwater Drive
Suite 110
Malvern, PA 19355

RE:   **Insured:**          **JULIAN, Barbara**
                            **570 Pebble Hill Road**
                            **Doylestown, PA 18901**
       Insurance Company:   Allstate Insurance Company
       Claim Number:        0317630951
       Type of Loss:        Storm
       Date of Loss:        02/13/2014

To Property Claims Supervisor:

   **To date we have not received a response from Allstate to our letters of 7/8/14, 8/4/14 and 9/8/14. I must assume Allstate is receiving these letters and faxes, and for reasons unknown, ignoring our attempts to resolve this matter.**

   Since it is clear the Allstate CAT team adjuster has no interest in working on this file, I would ask that Allstate reassign the claim to a local field adjuster for the balance of the claim. Should we not hear back within 10 days, with the name and contact information of the new Allstate adjuster, I will advise the insured to retain the services of an attorney to handle the balance of the claim.

                 Sincerely,

                 **ALLIANCE ADJUSTMENT GROUP, INC.**

                 James M. Wagner, CR
                 Licensed Public Adjuster

//jmw
cc: Barbara Julian, insured

# EXHIBIT "I"

Case ID: 150102512



NCT
PO BOX 672041
DALLAS TX 75267

You're in good hands.

||||||||||||||||||||||||||||||||||||||||||||||
ALLIANCE ADJUSTMENT GROUP
263 N MAIN ST
DOYLESTOWN PA 189013729

14 1160

OCT 2 0 2014

October 14, 2014

INSURED: BARBARA JULIAN
DATE OF LOSS: February 13, 2014
CLAIM NUMBER: 0317630951 PDS

PHONE NUMBER: 800-724-6427
FAX NUMBER: 877-307-6061
OFFICE HOURS: Mon - Fri 7:00 am – 7:00 pm,
Sat 8:00 am - 5:00 pm

Dear ALLIANCE ADJUSTMENT GROUP,

This letter is to acknowledge receipt of your letter of representation.

Please be advised that the above referenced matter has been assigned to me for handling. All written communication should
be directed to Dowell Smith. Please make a note of the claim number. You should also reference that claim number on all
correspondence and telephone calls to ensure that there is no delay in consideration of our insured's claim.

Allstate does not waive any of its rights or defenses with regard to any potential claims under the policy by any action
previously taken or by any action taken in the future. Rather Allstate reserves all of its rights and possible defenses in any
way relating to questions raised by any such potential claims.

We have inspected the risk on two seperate occasions and will not be ordering an additional inspection. You may pursue your
request by the Appraisal Process or through the Litigation Process. We stand by original assessment of the damages by out
outside adjusters.

If you have any questions, you may contact me at: Allstate Insurance Company, Catastrophe Referral Office, 2775 Sanders
Rd. B1E Column 10K, Northbrook, IL 60062; Phone: 847-667-8027, Fax 877-307-6061.

Sincerely,

*DOWELL J SMITH*

DOWELL J SMITH
800-724-6427 Ext. 6678027
Allstate Insurance Company

GENI001

0317630951 PDS

Case ID: 150102512

# EXHIBIT "J"

Case ID: 150102512


*NCT*
*PO BOX 672041*
*DALLAS TX 75267*

**You're in good hands.**

*14*

*OCT 27 2014*

ՊՈւՊՈՈՈՈՈՈՈՈՈՈՈՈՈՈՈՈ
ALLIANCE ADJUSTMENT GROUP
263 N MAIN ST
DOYLESTOWN PA 189013729

October 21, 2014

INSURED: BARBARA JULIAN
DATE OF LOSS: February 13, 2014
CLAIM NUMBER: 0317630951 PDS

PHONE NUMBER: 800-724-6427
FAX NUMBER: 877-307-6061
OFFICE HOURS: Mon - Fri 7:00 am - 7:00 pm,
Sat 8:00 am - 5:00 pm

Dear ALLIANCE ADJUSTMENT GROUP,

This letter is to acknowledge receipt of your letter of representation.

Please be advised that the above referenced matter has been assigned to me for handling. All written communication should be directed to Dowell Smith. Please make a note of the claim number. You should also reference that claim number on all correspondence and telephone calls to ensure that there is no delay in consideration of our insured's claim.

Allstate does not waive any of its rights or defenses with regard to any potential claims under the policy by any action previously taken or by any action taken in the future. Rather Allstate reserves all of its rights and possible defenses in any way relating to questions raised by any such potential claims.

We have inspected the risk on two seperate occasions and will not be ordering an additional inspection. You may pursue your request through the Appraisal Process or through the Litigation Process. We stand by original assessment of the damages by out outside adjusters.

This is the ᶦ⁻ ᶠice this claim will be assigned to. We handle appraisal request, or litigation. These are your only two option ....c If you do not pursue one of the two, then the file will be closed.

If you have any questions, you may contact me at: Allstate Insurance Company, Catastrophe Referral Office, 2775 Sanders Rd. B1E Column 10K, Northbrook, IL 60062; Phone: 847-667-8027, Fax 877-307-6061.

Sincerely,

*DOWELL J SMITH*

DOWELL J SMITH
800-724-6427 Ext. 6678027
Allstate Insurance Company

GENI00I                           0317630951 PDS                    Case ID: 150102512

# EXHIBIT "K"

Case ID: 150102512





*Your Partner In Property Damage Claims*

November 8, 2014

**Sent via facsimile to 877-307-6061 and USPS**

Dowell Smith
Allstate Insurance Company-Catastrophe Referral Office
2775 Sanders Rd
B1E Column 10K
Northbrook, IL 60062

**RE:  Insured:**        **JULIAN, Barbara**
                         **570 Pebble Hill Road**
                         **Doylestown, PA 18901**
        Insurance Company:   Allstate Insurance Company
        Claim Number:        0317630951
        Type of Loss:        Storm
        Date of Loss:        02/13/2014

Dear Mr. Smith,

        I am in receipt of your letter dated October 21, 2014.

        For the record, your insured wishes to resolve this claim amicably with Allstate. Contrary to your letter, wherein you state that the insured has "only two options" those being "appraisal" or "litigation", I would like to think there is a third option, that being good faith negotiations leading toward the amicable resolution of the loss. I have been adjusting losses for a very long time and I would be hard pressed to recall a letter, from any insurer, which served to illustrate the blatant disregard for the insured, better than your letter to me of October 21, 2014.

        Fortunately I have a thick skin, and understand that the tone and language used in your letter more likely stems from your frustration over having to deal with an "older claim", rather than the actual facts and circumstances applicable to this specific matter. That said, I am going to once again extend an olive branch to Allstate, and ask that you take another look at this claim, paying close attention to the items contain in the Alliance Adjustment Group estimate in the amount of $169,353.30 ("the AAG estimate"). I believe that the AAG estimate is a true and accurate reflection of the damages sustained as a result of the loss, and that the costs contained therein are fair.

        I would ask that you painstakingly review the enclosed AAG estimate in the amount of $169,353.30. If there are any items listed, which you feel should not be included as part of the claim, please provide me with a specific written explanation as to why you are not including each item. I trust, after your comprehensive review, you will see that all of the



claimed items in the AAG estimate are appropriate.  I look forward to receiving your revised estimate thereafter, as soon as possible.

**If you have not already done so, at this time we are hereby requesting that Allstate Insurance Company release the undisputed amount of loss to date to Alliance Adjustment Group so that the insured may start the repairs.**

Finally, nothing in this or any other communication made by us should be interpreted to mean that we have accepted your determination of the replacement cost value or the actual cash value of the repairs that are undisputed to date.  Please let me know if you do not possess the authority to resolve the claim at hand.  If you have any questions concerning this, please do not hesitate to contact me.   The best way to reach me is via email to jwagner@allianceadjustment.com.

Sincerely,

ALLIANCE ADJUSTMENT GROUP, INC.

James M. Wagner, CR
President
Licensed Public Adjuster

//jmw
Enclosure – AAG Estimate

CC:     Barbara Julian
        570 Pebble Hill Road
        Doylestown, PA  18901

# EXHIBIT "L"

Case ID: 150102512





*Your Partner in Property Damage Claims*

November 22, 2014

**Sent via facsimile to 877-307-6061 and USPS**

Dowell Smith
Allstate Insurance Company-Catastrophe Referral
2775 Sanders Rd
B1E Column 10K
Northbrook, IL  60062

RE:  **Insured:**          **JULIAN, Barbara**
                             **570 Pebble Hill Road**
                             **Doylestown, PA  18901**
        Insurance Company:   Allstate Insurance Company
        Claim Number:        0317630951
        Type of Loss:        Storm
        Date of Loss:        02/13/2014

Dear Mr. Smith,

I am in receipt of your letter dated November 14, 2014 where in you reaffirmed that your office is the *"last office this claim will be assigned to"* and that the insured must either choose between *"appraisal"* or *"litigation"* only, as an avenue to settle the claim. In my previous letter, I had suggested that we actually try to "adjust" the loss, however, I now understand by virtue of your two previous letters, Allstate does not allow for any such "negotiated" settlements.

That said, since your method of repair does not provide indemnification for this claim, please be advised that your insured has opted to have this claim settled by use of the appraisal provision, assuming no limitations or conditions are placed thereon.

Your insured has selected me as their appraiser.  Please have your chosen appraiser contact my office to schedule an inspection of the property.  Your selected appraiser and I will chose a mutually agreed upon umpire, in the event that we are unable to come to an agreement. **Again, please advise me in writing whether you intend to apply any limitations or conditions to the appraisal process. I expect the full scope of the previously presented Alliance Adjustment Group estimate, as well as any supplemental estimate(s), and/or subsequently realized and applicable repairs to be addressed in the appraisal. The insured will only agree to go to appraisal at this time, based on the understanding that no such limitations or conditions shall apply.**

ALLIANCE ADJUSTMENT GROUP, INC  263 N. MAIN STREET
DOYLESTOWN, PA 18901



PHONE  267.880.3000   FAX  267.880.3003
www.allianceadjusment.com

Case ID: 150102512
Page 1 of 2

I look forward to hearing from you soon.

Sincerely,

**ALLIANCE ADJUSTMENT GROUP, INC.**

James M. Wagner, CR
President
Licensed Public Adjuster

//jmw

CC:    Barbara Julian
       570 Pebble Hill Road
       Doylestown, PA  18901

Case ID: 150102512

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA JULIAN, | : | |
| Plaintiff | : | CIVIL ACTION LAW |
| | : | |
| v. | : | |
| | : | CASE No.: |
| ALLSTATE INSURANCE COMPANY, | : | |
| Defendant | : | Jury Trial Demanded |

## CERTIFICATE OF SERVICE

That counsel for Defendant, Allstate Insurance Company, hereby certifies that a true and

correct copy of its Notice of Removal has been served upon all counsel of record, via first-class

mail, according to the Pennsylvania Rules of Civil Procedure, on the 23rd day of February, 2015.

Joseph A. Zenstein, Esquire
Claims Worldwide, LLC
435 N. Main Street
Doylestown, PA  18901


THE LAW OFFICES OF LAURA E. KERNS, LLC

BY:  /s/ *Laura E. Kerns, Esquire*
      Laura E. Kerns, Esquire
      Attorney for Defendant,
      Allstate Insurance Company
      PMB 330
      230 N. Maple Avenue, Suite B1
      Marlton, New Jersey 08053
      Phone: (856) 810-8600
      Fax: (856) 810-8601
      Email: laura@lkernslaw.com
      Attorney I.D. #: 87021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARBARA JULIAN, | : | |
| Plaintiff | : | CIVIL ACTION LAW |
| | : | |
| v. | : | |
| | : | CASE No.: |
| ALLSTATE INSURANCE COMPANY, | : | |
| Defendant | : | Jury Trial Demanded |

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of

the Petition of Defendant, Allstate Insurance Company, and any response thereto, it is hereby

**ORDERED** and **DECREED** that Defendant's Petition is **GRANTED** and the action of Barbara

Julian v. Allstate Insurance Company, January Term, 2015, Case #2512, is removed from the

Court of Common Pleas of Philadelphia County, Pennsylvania and transferred to the United

States District Court for the Eastern District of Pennsylvania.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE